38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Charlie ROBERTS, Plaintiff-Appellant,
v.
Dr. Steve HILAND; Billy Ashley, Warden; Jack Lewis,
Commissioner; George Patterson, Head Nurse;
James Gray, Captain, Defendants-Appellees.
 No. 94-5362.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1994.
 
 Before: MILBURN and DAUGHTREY, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Charlie Roberts, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Defendants have informed the court that they will not be filing a brief.
 
 
 2
 Seeking declaratory, injunctive, and monetary relief, Roberts sued multiple Kentucky prison officials contending that they were deliberately indifferent to his serious medical needs. The defendants were sued in their individual and official capacities.
 
 
 3
 The case was referred to a magistrate judge who recommended that summary judgment be granted to all defendants except Hiland. Hiland objected to the magistrate judge's report. Upon de novo review, the district court adopted the magistrate judge's report. However, the district court modified the report by granting summary judgment to Hiland. Roberts did not object to the magistrate judge's report.
 
 
 4
 In his timely appeal, Roberts merely states that he is pro se, that he did not know how to respond to defendants' motion for summary judgment, and that defendants' gross negligence rose to a level of deliberate indifference.
 
 
 5
 Upon review, we conclude that Roberts has waived appellate review of his claims to all defendants except Hiland due to his failure to file objections to the magistrate judge's report. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir.1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 6
 As for Roberts's claims against Hiland, because the magistrate judge's recommendation was favorable to Roberts, Roberts did not need to object to this portion of the recommendation. Further, Roberts was not required to respond to Hiland's objections as Fed.R.Civ.P. 72(b) makes any response discretionary. Thus, Roberts's claims against Hiland are reviewable on appeal.
 
 
 7
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a party has moved for summary judgment and has met its burden of production, the nonmoving party must present significant probative evidence establishing a genuine issue of material fact in order to defeat the motion. Id. at 324; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986). Roberts failed to present any evidence opposing Hiland's motion for summary judgment. Thus, Roberts did not meet his burden of production. See Celotex Corp., 477 U.S. at 324.
 
 
 8
 Prison authorities may be sued for deliberate indifference to the serious medical needs of a prisoner under the Eighth Amendment when such indifference constitutes unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The undisputed facts establish that Hiland has not been deliberately indifferent to Roberts's medical needs. The argument is meritless.
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.